UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Leon Burnett, | ) C/A No. 9:17-1582-MGL-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Bernard McKie, Ernest Rowe, Randall Williams, John R. Pate, Ellen Inabinet, Tyquan Eady, Walter Worrock, | ) |
| Defendants. | ) |

The Plaintiff, William Leon Burnett, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Allendale Correctional Institution, part of the South Carolina Department of Corrections (SCDC). The Defendants are all employees of SCDC. On September 14, 2017, Plaintiff filed an amendment to his Complaint, adding Defendant Walter Worrock. ECF No. 1-2. Plaintiff has also filed additional pleadings, including Plaintiff's Answer to the Court's Special Interrogatories with attachments and a letter with exhibits, which have been considered by the undersigned. See ECF Nos. 9, 9-1, 15, 15-1.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a



pro se complaint to allow for the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)); Hughes v. Rowe, 449 U.S. 5, 9 (1980).

However, even when considered pursuant to this liberal standard, for the reasons set forth hereinbelow this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff is challenging his disciplinary conviction related to a weapon (sling blade) that was found under Plaintiff's mattress. He alleges that he was denied due process because he was not allowed to call certain witnesses, and further alleges that the process was unfair because his two cellmates were not charged in the incident (in his Complaint, Plaintiff asserts that another inmate slipped the sling blade under his mattress the day before it was found, but in his grievance he appears to assert that it may have belonged to or been placed under his mattress by a cellmate). Complaint, ECF No. 1 at 3; see also ECF Nos. 1-2 at 1; 15-1 at 4, 11.[1] Plaintiff states that as a result of his

---

[1]Plaintiff also complains at one point that a female guard looked in his cell while strip searches were being performed, although this does not appear to be a claim. This one-time, conclusory allegation is not sufficient to state a claim in any event. Adams v. Thompson, No. 3:07-3884-DCN-JRM, 2008 WL 8099780, at *4 (D.S.C. Dec. 19, 2008)["A male inmate's right to privacy is generally not violated by the occasional, inadvertent observation by female guards."](citations omitted), aff'd, 331 F. App'x 193 (4th Cir. 2009); Riddick v. Sutton, 794 F. Supp. 169, 173 [granting summary judgment to the defendants where, among other factors, the record showed that female guards "never maintained anything other than a professional demeanor during those instances in

(continued...)



2

disciplinary conviction he lost privileges and was given a lower security classification. He requests that his disciplinary conviction be overturned and his privileges restored.² ECF No. 1 at 5.

Disciplinary proceedings which implicate a protected liberty interest demand due process. See Wolff v. McDonnell, 418 U.S. 539 (1974). However, to prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action; Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997); and when the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995). Here, there is no allegation by Plaintiff that his sentence has been enhanced, as he has not alleged that he suffered the loss of any good-time credits as a result of his disciplinary conviction for possession of a weapon.³ Additionally, the SCDC Disciplinary Report and Hearing Record (provided by Plaintiff as an exhibit) shows that although Plaintiff was sanctioned to 21 days of disciplinary detention and 111 days of the loss of canteen, telephone, and visitation privileges, he did not lose any good time credit.

---

¹(...continued)
which they had occasion to view a nude or partially nude inmate"].

²Plaintiff may also be requesting a preliminary injunction to avoid being transferred to another institution. He claims that inmates are often transferred for complaining about constitutional violations. However, his allegations are speculative as to whether he will be transferred such that any request for a preliminary injunction should be denied. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) [holding that a court will not grant a preliminary injunction unless the petitioner first makes a "clear showing" that he will suffer irreparable injury without it, and that the harm "must be neither remote nor speculative, but actual and imminent"].

³Moreover, in response to the Court's Special Interrogatories he answered "no" to the question of whether he lost any good-time credits as a result of his disciplinary conviction. ECF No. 9.



3

ECF No. 9-1 at 4. The Disciplinary Report and Hearing Record was signed by Plaintiff on April 7, 2017, which gave him notice of the offense for which he was charged (Possession of a Weapon) more than 48 hours before his hearing was held on April 12, 2017. The report also indicates that Plaintiff's accuser (Officer Eady) testified at the hearing and the report notes the reasons given for the finding of guilt. ECF No. 9-1 at 4. No constitutional violation is presented in these records.

To the extent Plaintiff is challenging his current custody classification, prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)[no constitutional right under the Due Process Clause to a particular security classification or prison placement]. As noted, in Sandin v. Conner the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 483. In Sandin, the Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485. Hence, under the analysis set forth in Sandin, Plaintiff cannot show a violation of a protected liberty interest due to his disciplinary detention or custody classification. See id. at 483-85; see also Backey v. South Carolina Dep't. of Corrs., 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996)[allegations of wrongful placement in administrative segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights]; Joseph v. Gillespie, 73 F.3d 357, 1995 WL 756280 (4th Cir. Dec. 21, 1995)["Administrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by



4

any procedure."]; Reffritt v. Nixon, 917 F. Supp. 409, 412 (E.D.Va. 1996)[plaintiff has no protected interest in remaining in or being released into general population], aff'd, 121 F.3d 699 (4th Cir. 1997).

While the Fourth Circuit has held that a prisoner may set forth a viable due process claim relating to a custody status decision under some circumstances, Plaintiff has failed to set forth any facts sufficient to proceed on such a claim in this case. Cf. Incumaa v. Stirling, 791 F.3d 517 (4th Cir. 2015). To determine whether an "atypical and significant hardship" has been imposed, the Supreme Court has outlined a fact intensive inquiry into "(1) the magnitude of confinement restrictions; (2) whether the administrative segregation is for an indefinite period; and (3) whether assignment to administrative segregation had any collateral consequences on the inmate's sentence." Incumaa, 791 F.3d at 530 (citing Wilkinson v. Austin, 545 U.S. 209 (2005)). Here, Plaintiff was only placed in disciplinary detention for 30 days (9 days prior to the disciplinary hearing and 21 days after the hearing - see ECF No. 9-1 at 4) such that he is not challenging an ongoing, indefinite period; Plaintiff has not alleged any claims concerning the magnitude of confinement restrictions; and he has not alleged any collateral consequences to his sentence. It is well established that a temporary assignment to segregated confinement—for thirty days or even six months, even with reduced privileges, few out-of-cell activities or socialization opportunities, and heightened security measures—is not an atypical or significant hardship. See Sandin, 515 U.S. at 485-86; Beverati v. Smith, 120 F.3d at 504 [finding six months under conditions dictated by administrative segregation policies was not atypical under Sandin]. Moreover, Supreme Court precedent also mandates minimal court involvement "in the day-to-day management of prisons," and requires deference to the expertise of prison administrators in crafting procedures to maintain security and safety for their



5

constituents and the public. Wilkinson v. Austin, 545 U.S. at 222 (citing Sandin, 515 U.S. at 482-83). Thus, the Supreme Court in Wilkinson and the Fourth Circuit in Incumaa found that conditions in segregated confinement triggered constitutional procedural protection only when they extinguished eligibility for parole and were extremely isolating, of indefinite duration, and without defined criteria for eligibility to transfer to less restrictive conditions. The facts alleged by Plaintiff here do not state a claim under these precedents.

Additionally, Plaintiff's loss of privileges for 111 days also fails to state a due process claim. He does not have a liberty interest in making phone calls; see U.S. v. Alkire, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr.10, 1996)[no constitutional right to the use of a telephone in prison]; Hadley v. Peters, 70 F.3d 117 (7th Cir. 1995)[Table]["The denial of telephone privileges for ten days is not a matter of constitutional dimension."], cert. denied, 517 U.S. 1111 (1996); and neither prisoners nor would-be visitors have a constitutional right to visitation. White v. Keller, 438 F.Supp. 110, 115 (D.Md.1977) [but leaving open the possibility that a permanent ban on all visitation could implicate the Eighth Amendment], aff'd, 588 F.2d 913 (4th Cir.1978); see also Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 461, (1989)[finding no right to visitation guaranteed by the Due Process Clause].

Plaintiff may also be attempting to assert a claim that the Defendants did not follow certain SCDC policies or rules as to his disciplinary conviction (including his claim that his cellmates should have received disciplinary charges). However, such allegations do not state a constitutional claim. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992); cf. Johnson v. S.C. Dep't of Corrs., No. 06–2062, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007)[The plaintiff's allegation that defendants did not "follow their own policies or procedures, standing alone, does not amount



6

to a constitutional violation."](citing Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990)[if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue].

Plaintiff also claims that the Defendants have purposefully refused "to abridge [his] Step 2 grievance"[4] and that Defendants Pate and Worrock failed to properly investigate. ECF Nos. 1 at 4 and 5, 1-2 at 1. However, these allegations fail to state a claim, as it is well-settled that prison inmates have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated. See Adams v. Rice, 40 F.3d at 75; see also Smith v. Ray, 36 F. App'x 99 (4th Cir. 2002) ("[A]ccess to the grievance procedure is not a constitutionally protected right[.]"); Oliver v. Myers, No. 7:08–CV–558, 2008 WL 5212409, at *4 (W.D.Va. Dec. 12, 2008) [stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts"], appeal dismissed, 335 F. App'x 317 (4th Cir. 2009). Further, Plaintiff fails to state a claim as to any failure to investigate the incident. See Charles v. Nance, 186 F. App'x 494, 495 (5th Cir. 2006)[holding that alleged failure to investigate a grievance "fails to assert a due process violation"]; Sweat v. Rennick, No. 9:11-2908, 2012 WL 1358721, at *2 (D.S.C. Feb. 7, 2012) [inmate's complaint that investigator failed to properly investigate his claims failed to state a claim for a violation of a constitutional right]; Lewis v. Williams, Nos. 05-51, 05-52, 2006 WL 538546, at *7 (D. Del. Mar. 6, 2006) ["[T]he failure to investigate a grievance does not raise a constitutional issue."].

---

[4]Plaintiff has now submitted copies of his grievance forms which show that his Step 2 grievance was responded to by an SCDC official on June 21, 2017. ECF No. 15-1 at 2.

7

**<u>Recommendation</u>**

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 21, 2017
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).