

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| WILLIAM LEON BURNETT<br>  Plaintiff, | § § § | |
| vs. | § | CIVIL ACTION NO.: 9:17-01582-MGL |
| | § | |
| BERNARD MCKIE, ERNEST ROWE,<br>RANDALL WILLIAMS, JOHN R. PATE,<br>ELLEN INABINET, TYQUAN EADY,<br>and WALTER WORROCK,<br>  Defendants. | § § § § § | |

**AMENDED ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

  This case was brought under 42 U.S.C. § 1983 (section 1983). Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 21, 2017. ECF No. 20. Plaintiff failed to file objections to the Report, and on December 11, 2017, the Court issued an Order adopting the Report and dismissing Plaintiff's Complaint without prejudice and without issuance and service of process. ECF No. 22. On December 12, 2017, the Clerk of Court filed Plaintiff's motion for extension of time, which Plaintiff stated he mailed December 4, 2017. ECF No. 25. In his motion, Plaintiff sought to extend the time to file objections to the Report until January 4, 2018. *Id.* The Court granted Plaintiff's motion for extension of time. ECF No. 27. The Clerk of Court entered Plaintiff's objections to the Report, which Plaintiff states he mailed on January 8, 2018, on February 2, 2018. ECF No. 30.

The Court notes Plaintiff's objections, which were due January 4, 2018, and mailed January 8, 2018, were untimely. Plaintiff argues a variety of issues outside his control caused his objections to be mailed late and asks the Court to excuse the delay in mailing the objections. ECF No. 30 at 1-2. The Court excuses the delay and has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff first objects the Magistrate Judge erred in suggesting violations of prison policy fail to constitute section 1983 claims. The Court agrees with the Magistrate Judge.

Section 1983 provides an avenue to seek redress for violation of constitutional rights. 42 U.S.C. § 1983. Plaintiff here argues violation of State prison policies impinged upon his Constitutional due process rights. Such a violation, however, would not rise to the level of a constitutional claim, and thus would not form the basis for a section 1983 claim. *See Ewell v.*

2

*Murray*, 11 F.3d 482, 488 (4th Cir. 1993) (noting "inmates do not have a protected liberty interest in the [prison] *procedures themselves*, only in the subject matter to which they are directed. The procedures may be changed at the will of prison officials so long as they afford that process which is due under the Due Process Clause of the Fourteenth Amendment."); *see also Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding in a section 1983 case "If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."). For this reason, the Court will overrule Plaintiff's objection to the Magistrate Judge's recommendation regarding violations of prison policy.

Plaintiff next argues the Magistrate Judge erred in suggesting Plaintiff is unable to state a section 1983 claim related to his custody classification. The Magistrate Judge recommended Plaintiff's claims seeking to challenge his custody classification failed to raise a constitutional claim. The Court agrees.

Generally, inmates do not have a constitutional right to a particular prison classification or placement. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (citations omitted). A change in the conditions of imprisonment may give rise to a constitutional claim, however, where the scope of the original sentence is increased, or where the change "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff maintains the proceedings he challenges implicate his constitutional rights because they impacted his custody level, and/or his ability to seek a different custody classification. As a preliminary matter, Plaintiff admits he did not lose any good-time credits as a result of the disciplinary conviction he challenges. Thus, the conviction failed to

increase the scope of his sentence. Further, having a particular custody level or classification is not the type of "atypical and significant hardship" in relation to prison life that rises to the level of a constitutional violation. For those reasons, the Court will overrule Plaintiff's objection to the Magistrate Judge's recommendation regarding Plaintiff's custody level or classification.

Finally, Plaintiff claims the Magistrate Judge erred in suggesting Plaintiff's claims Defendants neglected to follow proper inmate grievance procedure fail to rise to the level of constitutional violations. The Court agrees with the Magistrate Judge.

"[T]here is no constitutional right to participate in [inmate] grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Further, to the extent Plaintiff seeks to argue Defendants should be held liable for failing to properly investigate his grievances, the Court notes other courts have held failure to properly investigate prison grievances is not a basis for a section 1983 claim. *See, e.g., Charles v. Nance*, 186 Fed. App'x 494, 495 (5th Cir. 2006) (holding inmate's "complaint that the prison failed to investigate her grievance . . . likewise fails to assert a due process violation," and dismissing inmate's appeal of District Court's denial of inmate's section 1983 claim based in part on this finding). The Court agrees with this reasoning. Thus, for the above reasons, the Court will overrule Plaintiff's objection to the Magistrate Judge's recommendation regarding improper inmate grievance procedure.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 8th day of February, 2018, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.